IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**DEMARKO HINKLE**  **PLAINTIFF**
**REG. #31905-045**

v.  Case No: 3:20-cv-00057-LPR

**CITY OF ST. LOUIS,** *et al*.  **DEFENDANTS**

## ORDER

Plaintiff Demarko Hinkle ("Plaintiff"), in custody at the Forrest City Low Federal Correctional Institution, filed a *pro se* complaint alleging negligence in connection with a car accident that took place in St. Louis, Missouri. (Doc. 2). Plaintiff sued the City of St. Louis, the St. Louis Police Department, and Charlton McGraw, the driver of the car that collided with Plaintiff's vehicle. (*Id*. at 1). McGraw resides in Missouri. (*Id.*).

Based on the facts alleged and the Defendants named, it appears that venue properly lies in the United States District Court for the Eastern District of Missouri. 28 U.S.C. § 1391(b). Accordingly, the Court finds that the interests of justice would best be served by transferring this case to the United States District Court for the Eastern District of Missouri. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").[1]

---

[1] It is not entirely clear that either Court has subject matter jurisdiction as the Complaint is currently pled. There is no federal question. So if there is subject matter jurisdiction, it must be based on diversity jurisdiction. Plaintiff's Complaint states that he is a "resident and domiciliary of the State of Arkansas." (Doc. 2 at 1). That would make him a citizen of Arkansas. The Complaint says that Defendants are "residents" of Missouri. (*Id.*). But it does not say anything about Defendants' domicile or citizenship. The City of St. Louis and the St. Louis Police Department are obviously citizens of Missouri for purposes of diversity jurisdiction. But what about the third Defendant, Mr. McGraw? After all, diversity jurisdiction requires complete diversity. *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) (citing 28 U.S.C. § 1332(a)). We know from the Complaint that Mr. McGraw is a resident of Missouri, but we do not know if he is a domiciliary (and thus a citizen) of Missouri.

(*Footnote continued on next page*)

The Clerk of the Court is directed to immediately transfer Plaintiff's entire case file to the United States District Court for the Eastern District of Missouri.

IT IS SO ORDERED this 8th day of April 2020.

                                                                                            _____
                                                                                            UNITED STATES DISTRICT JUDGE

---

The Eighth Circuit has explained that when a complaint only states a party's "residency, but not his citizenship," diversity jurisdiction has not been sufficiently pleaded. *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). But the *Sanders* case did not involve a *pro se* plaintiff at the IFP screening stage. And the U.S. Supreme Court has held that *pro se* complaints, "however inartfully pleaded," are to be held "to less stringent standards than formal pleadings drafted by lawyers . . . ." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citation and internal quotations omitted). The issue is close enough that, solely for purposes of transferring the case under the venue statute, the Court will assume diversity jurisdiction exists.